NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORTH FORK BANK, | : | **Hon. Dennis M. Cavanaugh** |
|  | : | |
| Plaintiff, | : | **OPINION & ORDER** |
|  | : | |
| v. | : | Civil Action No. 02-3942  (DMC) |
|  | : | |
| JAMES J. TUCHI, | : | |
|  | : | |
| Defendant(s). | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.:</u>

This matter comes before the Court on motions by Defendant, James Tuchi: 1) to stay the Writ of Execution entered in this matter on May 17, 2005; and 2) to vacate default judgment.  The motions were decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  After carefully considering the parties' submissions, Defendant's motions are **denied**.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2002,  Plaintiff filed a Complaint in this matter.  On or about October 16, 2003, Judgment in the amount of $118,128.96 was entered in favor of Plaintiff and against Defendant based upon a Confession of Judgment signed by  James Tuchi on or about February 18, 2003.[1]  On

---

[1] The Court may enter a judgment under 28 U.S.C. §1874, which states:
In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due. If the sum is uncertain, it shall, upon request of either party, be assessed by a jury.
[28 U.S.C. §1874]

or about May 17, 2005, a Writ of Execution was entered in this matter against Defendant.  On  May

25, 2005, Defendant filed a motion seeking to stay the Writ of Execution and on June 2, 2005,

Defendant filed a motion seeking to vacate default judgment.[2]

<u>DISCUSSION</u>

Rule 60(b) of the F. R. Civ. P. Provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based is reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more one year after the judgment, order or proceeding was entered or taken.

Defendant argues Plaintiff is seeking to improperly collect an incorrect amount of money

which is onerous and not reflective of damages caused by Plaintiff's actions.[3]  (Def.'s Mot.

Vacate Default J. at 3.)  Defendant argues he is experiencing financial difficulties and the Writ of

Execution was issued against him without notice.  (<u>Ibid.</u>)  Defendant further argues that the

underlying obligation referred to in the Judgment should have been issued against Pantheon

Bark, LLC and not against him personally.

---

[2] Defendant has filed a motion seeking to vacate default judgment.  However, the judgment entered against Defendant on October 16, 2003, was not a default judgment.  It was a judgment entered against Defendant based upon an Affidavit of Confession of Judgment executed by the Defendant on February 18, 2003.

[3] Defendant alleges that the vessel was damaged significantly after its arrest thereby "impairing" the value of the vessel.  Defendant asserts that the Admiralty Court in Maryland permitted a custodian to move the vessel to a more suitable slip and that the parties responsible for the damage to the vessel have not been identified.

Judgment was entered in this case on or about October 16, 2003.  Defendant filed motions seeking to stay the writ of execution and to vacate the default judgment on May 25, 2005, and June 2, 2005, respectively - more than one year after the entry of judgment. Therefore, Defendant is well beyond the time period of one year allowable under R. 60(b)(1), (2) and (3). Defendant has provided this Court with no basis to vacate the judgment under R. 60(b)(4) or (5). Defendant is not asserting that the judgment is void pursuant to R. 60(b)(4) or that the judgment has been satisfied, released, or discharged pursuant to R. 60(b)(5).  The Court therefore, looks to Rule 60(b)(6) as a basis to vacate judgment.  Subsection (6) provides that there may be relief from judgment  "for any other reason justifying relief from the operation of the judgment." However, Rule 60(b)(6) does not give courts unlimited authority to fashion relief as they deem appropriate. Relief under the Rule is an extraordinary remedy. See Design Classics, 788 F.2d at 1386; L.Z. v. Parrish, 733 F.2d 585, 588 (8th Cir. 1984). "It is not a substitute for other legal remedies. Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir., 1989).

In this case, Defendant has not provided evidence of "extraordinary circumstances" which merits relief from judgment.  Defendant has merely asserted that he is experiencing financial difficulties.  Accordingly, Defendant's motion to vacate judgment is **denied.**

Defendant has also filed a motion seeking to stay the Writ of Execution filed in this matter on or about May 17, 2005.  Defendant's motion alleges facts, but the facts are not supported by any affidavit or other evidence.  Even if the facts as alleged in the motion were established as accurate, they would not present any valid ground to stay the execution.  (See

3

Bufkin Enterprises, Ltd. v. Schnabel Associates, Inc., 1987 U.S. Dist. LEXIS 101, 2-3 (D. Pa., 1987).  In support of Defendant's motion, Defendant has attached a copy of a Notice of Deposition pursuant to Fed. R. Civ. P. 30 and a copy of an Information Subpoena completed and signed by Defendant. Defendant's basis for staying the writ of execution against him is identical to that offered in support of his motion to vacate judgment.   Accordingly, Defendant's motion to stay the Writ of Execution is **denied.**

       SO ORDERED.


Date: June 27, 2005                       S/ Dennis M. Cavanaugh

                                             DENNIS M. CAVANAUGH, U.S.D.J.

Original:        Clerk

Copies:         Hon. Mark Falk, U.S.M.J.

                    All counsel of record

                    File